UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JAMES DRIGGERS                                                                                   PLAINTIFF

v.                                                                          CIVIL ACTION NO. 3:08CV-440-S

INSIGHT COMMUNICATIONS                                                                   DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the court on motion of the defendant, Insight Communications,[1] to dismiss the complaint for failure to state a claim upon which relief may be granted. Fed.R.Civ.P. 12(b)(6). The plaintiff, James Driggers, alleges race and age discrimination and retaliation in connection with Insight's failure to promote him and in its decision to discharge him from employment with Insight.

Driggers filed an EEOC complaint on August 16, 2007 alleging discrimination on the basis of his race and his age.[2] He received a right-to-sue letter dated May 23, 2008. He filed his complaint in this court on August 21, 2008 alleging race and age discrimination and retaliation. The complaint states:

> 5. Defendant's conduct is discriminatory with respect to my race and my age.
>
> 6. The basic facts surrounding my claim of discrimination are the Defendant effectuated a campaign to retaliation [sic] against the Plaintiff for prior filing of discrimination against the company. The retaliatory conduct of Defendant resulted

---

[1] The plaintiff incorrectly named "Insight Communications" as defendant. The proper denomination, as recited by the defendant, is "Insight Kentucky Partners II, L.P."

[2] Driggers cites the Age Discrimination in Employment Act in his charge of discrimination, but does not allege any age discrimination, nor even recite his age in his EEOC complaint or the complaint filed herein. Further, he raises nothing about age in his response to the motion to dismiss beyond that if permitted to amend, he can show that he is a member of a protected class. The court is not convinced that Driggers has exhausted with respect to an ADEA claim. If his right to sue letter can be said to encompass such a claim, his claim in the complaint is woefully inadequate. Additionally, it does not appear that he raised retaliation in any claim before the EEOC.

in a hostile work environment that negatively impacted the Plaintiff's ability to advance in the company. Plaintiff was passed over for several promotions due to his race and was terminated for offenses that were not substantiated when colleagues of another race had committed offenses but were not terminated.

7. The alleged discrimination has been a continuous [sic] nature since 2002 until my termination of July 11, 2007.

Complaint, ¶¶ 5-7.

Insight has filed a motion to dismiss for failure to state a claim upon which relief may be granted. Insight urges that the complaint fails to plead even the bare minimum of facts sufficient to support a claim of discrimination under either Title VII or the ADEA. Driggers does not even attempt to dispute the contention that his pleading is deficient. Rather he seeks leave to file an amended complaint. He has not tendered a proposed amended complaint. In his memorandum he states:

> In response to Defendant's Motion to Dismiss, the plaintiff can show a prima facie case showing that he is a member of a protected class under the Age Discrimination in Employment Act and Title VII race discrimination in that he is an African American male with over 15 years seniority in the company prior to termination. Plaintiff can show that he was qualified for position [sic] of promotion and he eventually suffered adverse employment action that led to his dismissal for previous discriminatory complaints filed against the company. Plaintiff will be able to show that he trained parties that were promoted that are not part of a protected class.

Driggers has simply offered this argument, unsupported by an affidavit or tendered amended complaint. More troubling, however, is that even in this lone paragraph, there is a complete absence of specificity about any of the purported discriminatory conduct or the requisite facts with which to state a prima facie case of discrimination under either federal statute. There are no contours as to time, place, or events whatsoever.

Driggers' argument does not suggest a sufficient amendment of the complaint to avoid dismissal, although, as we noted, there is no proposed amended complaint to evaluate. "Although Fed.R.Civ.P. 8 does not require detailed factual pleading, a plaintiff's assertions must still direct the defendant to the factual cause of the plaintiff's alleged injury...The absence of any facts at all to

support plaintiff's claim renders the allegations mere legal conclusions...devoid of any well-pleaded facts." *McTigue v. City of Chicago*, 60 F.3d 381, 382 (7th Cir. 1995), *citing, Baxter v. Vigo County School Corp.*, 26 F.3d 728, 736 (7th Cir. 1994).

While leave to amend should be freely granted where justice so requires, Fed.R.Civ.P. 15(a)(2), the court has been shown nothing approaching a basis upon which to grant leave to amend.

Motions having been made and for the reasons set forth hereinabove, and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion of the plaintiff, James Driggers, for leave to file an amended complaint (DN 7) is **DENIED**, and the motion of the defendant, Insight Communications, to dismiss (DN 6) is **GRANTED**. The complaint is hereby **DISMISSED WITHOUT PREJUDICE.**

There being no just reason for delay in its entry, this is a final order.

**IT IS SO ORDERED.**