UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JAMES DRIGGERS                                                                                           PLAINTIFF

v.                                                                          CIVIL ACTION NO. 3:08CV-440-S

INSIGHT COMMUNICATIONS                                                                         DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the court on motion of the plaintiff, James Driggers, to reconsider or vacate the court's order of November 6, 2008 which denied his motion for leave to file an amended complaint and dismissed the action without prejudice.

On September 10, 2008, the defendant, Insight Communications,[1] filed a motion to dismiss the complaint for failure to state a claim upon which relief could be granted. On September 29, 2008, Driggers filed a response and motion for leave to file an amended complaint. The motion for leave was filed without the proposed amended complaint. While the motions were under advisement to the court, Driggers filed an "Amended Document" consisting of the proposed amended complaint and supporting documents. The court denied leave to amend, unaware that the proposed amended complaint had been filed as this "Amended Document." Despite the improper filing of the proposed amended complaint, the court will undertake to reconsider the matter and address the proposed pleading.

The court has reviewed the proposed amended complaint and concludes that leave to amend should be denied as futile.

---

[1] The original complaint named "Insight Communications Company a/k/a Insight Cable Company a/k/a Insight Communications Cable Company." The proposed amended complaint names "Insight Kentucky Partners II, L.P." We will refer to the defendant as "Insight Communications" for purposes of this opinion.

Driggers attempts to state a claim for age discrimination. However, as with the original complaint, nowhere does he state his age. He states in ¶ 4 of the proposed amended complaint that in 2001 a number of persons were given positions "due to their age." Driggers never states the ages of these individuals.

In the court's Memorandum Opinion and Order dismissing the original complaint, the court stated that it did not appear that Driggers raised a retaliation claim before the EEOC. Nothing more has been shown in this regard. Therefore, to the extent that the "Wrongful Termination of Employment" claim in the proposed amended complaint (¶¶ 10-12) seek to state a claim for retaliation under Title VII, Driggers has failed to exhaust his administrative remedies. Further factual development in paragraphs 10(a)-(d) and 11 cannot cure this deficiency.

Paragraph 12, which states that "[a]lthough the Plaintiff is not a government employee; Plaintiff was fired for whistleblowing against the Defendant...therefore violating additional rights," fails to state any cognizable claim.

In paragraphs 2-3 and 5-9 of the proposed amended complaint, Driggers attempts to amplify the race discrimination claim asserted in the original complaint.[2]

In establishing a *prima facie* case of race discrimination under Title VII, the plaintiff bears the initial burden of showing direct evidence of intentional discrimination by the defendant, or showing the existence of circumstantial evidence which creates an inference of discrimination.

---

[2]

We note that in his motion, Driggers states the following basis for reconsideration: "In further support of said motion to reconsider is to allow Plaintiff to seek counsel or proceed pro se in that present counsel was unaware that Plaintiff was retaining the services of his law office and as a matter of not missing a statute of limitations the initial complaint has been filed pro bono. In addition a proposed amended complaint has been filed pro bono. Plaintiff should have the opportunity for this Court to view the Proposed Complaint which matter lays a factual pleading in compliance with Fed.R.Civ.P. 8." Motion to reconsider, p. 1. This paragraph is incomprehensible. Counsel for Driggers appears to be stating that the original complaint was deficient because counsel was not paid for his work. He then states that the proposed amended complaint has also been filed *pro bono*. The court is unable to discern a purpose for these statements. *Pro bono* representation is certainly not a justification for the filing of deficient pleadings.

*Talley v. Bravo Pitino Restaurant, Ltd.*, 61 F.3d 1241, 1246 (6th Cir. 1995), *citing, McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Under the *McDonnell Douglas* burden shifting standard, Driggers must show that (1) he was a member of a protected class; (2) that he was discharged or subject to an adverse employment decision; (3) that he was qualified for the position, and (4) that he was replaced by a person outside of the protected class. *McDonnell Douglas*, 93 S.Ct. at 1824. The fourth element may also be satisfied by a showing that similarly situated non-protected employees were treated more favorably. *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582-83 (6th Cir. 1992). "[T]o establish than an employee is an appropriate comparator, 'the plaintiff [must] demonstrate that he or she is similarly situated to the [claimed comparator in all *relevant* respects.'" *Wright v. Murray Guard, Inc.*, 455 F.3d 702, 710 (6th Cir 2006), *quoting, Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344 (6th Cir. 1998).

The proposed amended complaint contains no factual allegations upon which to make a *prima facie* showing of race discrimination. "Although FED.R.CIV.P. does not require detailed factual pleading, a plaintiff's assertions must still direct the defendant to the factual cause of the plaintiff's alleged injury...The absence of any facts at all to support plaintiff's claim renders the allegations mere legal conclusions...devoid of any well-pleaded facts." *McTigue v. City of Chicago*, 60 F.3d 381, 382 (7th Cir. 1995), *citing, Baxter v. Vigo County School Corp.*, 26 F.3d 728, 736 (7th Cir. 1994).

In paragraphs 2 and 3 of the proposed amended complaint, Driggers states that he applied for various positions with Insight Communications, but the positions were filled with Caucasian males with less experience. He names various individuals, but does not state the positions for which they were hired nor the dates of these hires. With respect to his or others' qualifications for any position for which he applied, he states only that for all of these positions he "had more experience" or those individuals hired had "less experience."

In paragraph 5, Driggers states that on October 29, 2001, Jim Weaver, a Caucasian male was hired for a position of "IST/Telephony" for which Driggers applied but was denied the promotion. Driggers claims that he was more qualified and had more seniority. However, the paragraph goes on to indicate that he was given the opportunity for this job, albeit at a later time. He indicated that he was required to take a test which others did not have to take. He does not state what the test was or who these other individuals were who were allegedly exempted from this test.

Again, in paragraphs 6, 7, and 9, Driggers urges that from 1994 through his termination in 2007 that he had been applying for quality control positions, but was never hired for such a position. He stated that he had prior quality control experience, completed some training and development for which he received certificates, and had more seniority. He states in paragraph 8 that company representatives met with him at some unidentified time, informed him that he was qualified for an unidentified position, and informed him that they had decided to hire another African-American with a higher test score and more seniority.

The allegations contained in the proposed amended complaint fail to remedy the deficiencies in the original complaint. The original complaint was found lacking as to time, place, and events. While Driggers now includes various names of Caucasian males who were hired by Insight Communications, the document is devoid of any facts which provide a context from which an inference could be drawn that Caucasian males were treated more favorably than Driggers with respect to a particular job for which Driggers applied and was qualified. Even the two most specific paragraphs he proposes, paragraphs 5 and 6, fall short. Paragraph 5 states that a Caucasian male was hired for a position to which Driggers was apparently later promoted also. Paragraph 6 states that a Caucasian male was "given a position in the quality control" on September 26, 1994, but Driggers does not state that he himself applied for this position. Rather, he states that for many years since 1994 he "had been applying for the position of quality control and never given the opportunity for the position attached are some of the applications Exhibit '4-12'." Proposed Amend. Compl. ¶6.

We conclude that the proposed amended complaint fails to cure the deficiencies of the original complaint and therefore leave to amend will be denied as futile. For the reasons stated in our earlier memorandum opinion and in the additional analysis herein, we conclude that dismissal without prejudice is proper.

Therefore, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion of the plaintiff, to reconsider and/or vacate the court's order of November 6, 2008 (DN 14) is **DENIED**.

**IT IS SO ORDERED.**